UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Audrey Cadwallader, | |
| *Plaintiff*, | Civil No. 3:10cv1316 (JBA) |
| v. | |
| Allied Van Lines, Inc., | April 29, 2011 |
| *Defendant*. | |

RULING ON MOTION TO DISMISS

On July 15, 2010 Plaintiff Audrey Cadwallader sued Defendant Allied Van Lines, Incorporated ("Allied") in Connecticut state court for damages allegedly resulting from Defendant's negligent transportation of Plaintiff's antique furniture. Defendant removed to federal court and moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

I.  Background

On May 29, 2008, Plaintiff hired Defendant to move certain items of antique furniture from West Palm Beach, Florida to Scarborough, Maine. (Compl., Ex. A to Not. of Removal [Doc. # 1] ¶ 3.) Defendant picked up these items on or about June 26, 2010 in West Palm Beach and transported the items to Scarborough. (*Id.* ¶ 4.) Plaintiff claimed that various pieces of her antique furniture suffered severe water damage in Defendant's possession and that several were beyond repair as a result of Defendant's negligence. (*Id.* ¶ 6.)

II.  Discussion

Defendant argues that since this case arises out of damages to Plaintiff's goods while they were shipped between states, the Carmack Amendment to the Interstate Commerce

Act, 42 U.S.C. § 14706, exclusively governs Defendant's liability. Further, since all state law claims are preempted by the Carmack Amendment, Defendant maintains that Plaintiff's Complaint consisting of one state common law count of negligence for water damage must be dismissed. Plaintiff responds that her negligence claim is not preempted under federal law because her "complaint presents a prima facie cause of action under the Carmack Amendment," and the Carmack Amendment allows both federal and state jurisdiction over such claims. (Obj. [Doc. # 18] at 3.)

The Carmack Amendment defines the parameters of carrier liability for loss and damage to goods transported in interstate commerce. In pertinent part, the Carmack Amendment provides that "a carrier and any other carrier that deliver[] the property and [are] providing transportation or service subject to jurisdiction under [49 U.S.C. § 13501 are] liable to the person entitled to recover under the receipt or bill of lading." § 14706(a)(1). In enacting the Amendment, Congress intended to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment through (1) "establishing a single uniform regime for recovery," and (2) "preempting the shipper's state and common law claims against a carrier for loss or damage to goods during shipment." *Project Hope v. M/V IBN Sina*, 250 F.3d 67, 73 n.6 (2d Cir. 2001).

Although Plaintiff's allegations may support a *prima facie* claim under the Carmack Amendment as she suggests,[1] and such a claim could have been brought in either state or federal court, Plaintiff never sued under the Carmack Amendment, only for negligence.

---

[1] "To make a prima facie case under the Carmack Amendment, a plaintiff must show 1) delivery to the carrier in good condition; 2) arrival in damaged condition; and 3) the amount of damages caused by the loss." *Id.* at 73, n.6 (internal citations omitted).

"The Carmack Amendment preempts state common law remedies that might be asserted against a carrier for damages to goods shipped under a proper bill of lading." *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 378 (2d Cir. 1994). Thus, Plaintiff's negligence claim is preempted by the Carmack Amendment, and Defendant's Motion to Dismiss is granted.

III.   Conclusion

Accordingly, Defendant's [Doc. # 16] Motion to Dismiss is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of April, 2011.